WILLIAM H. STURTEVANT & *al. versus* HENRY TALLMAN.

Under Rev. Stat. c. 105, " any person, aggrieved by any order, sentence, decree or denial of a judge of probate, may appeal therefrom to the supreme court of probate," although he was not a party to the proceedings before the probate court.

The court of probate can only be deprived of its jurisdiction for the settlement of the accounts of an administrator by some process or course of proceeding, which would legally remove the settlement to another tribunal. And its jurisdiction remains, although the administrator had before been cited to settle his accounts, had neglected to do so, and leave had been granted to the persons interested to commence a suit upon his bond, if no suit be commenced.

Where the decree of the probate court appealed from embraces only the settlement and allowance of a second account of administration, and there is no reference to the first account, or to any item in it, unless by crediting the balance found due on settlement; the supreme court of probate cannot, on such appeal, re-examine and adjust the first account.

But the administrator may be required on the settlement of a second account to charge himself with any proper items, not contained in the first account; and he may be called upon to correct any errors found in the first account. But when this is not done, nor refused to be done in the probate court, it cannot be required to be done on the appeal.

APPEAL from a decree of the judge of probate.

The appellee, Henry Tallman, presented his second account as administrator of the estate of Horatio Smith, deceased, to the judge of probate for allowance. The judge of probate made the following decree relative thereto.

"Lincoln, ss.   At a probate court holden at Wiscasset on the 18th day of May, 1846, personally appeared Henry Tallman, the administrator aforesaid, and made oath to the truth of the foregoing account, and the same having been examined is hereby allowed and accepted, due notice of the settlement of the same having been given agreeably to order of court; decreed and ordered that the balance, being $106,66, be distributed and paid as follows." Here followed the distribution of that sum among the heirs, and then the signature of the judge of probate.   There was nothing in the records and no evidence to show, that any of the heirs appeared in the probate court at the time of the settlement of that account.

On the 26th day of said May, William H. Sturtevant for his wife, one of the heirs of Horatio Smith, deceased, and as guardian for others, and B. F. Tallman, as guardian for others, claimed an appeal from the decree of the judge of probate, and filed a bond, and on June 1, 1846, filed their reasons for the appeal.   The first reason was : —

"Because the said Henry Tallman, having been cited to render an account of said administration, on the 18th of February, 1846, and having at said time neglected to appear and render an account, or to show cause why he should not, and leave having been granted by the judge of probate aforesaid to

bring an action on the administration bond, it was too late, and the judge erred in allowing the said Henry Tallman to render an account, and in acting thereon and allowing the same.

"Second. Because the said account and the items thereof are unjust, and ought not to have been paid by the said Henry Tallman, and ought not to be allowed, in the following particulars." Here followed a large number of objections to the allowance of items in the account for different reasons. Objection was made to the allowance of items in the first as well as in the second account.

This case was argued in writing, after the May Term, 1847, by

*Fessenden, Deblois & Fessenden* and *W. P. Fessenden*, for the appellants — and by

*Tallman*, for the appellee.

For the appellants it was said, that the first point was — that after the refusal of Henry Tallman, administrator, to render an account, having been duly and legally cited to do so by the judge of probate, and the decree, on his default, that the plaintiffs have liberty to commence an action on the bond, all further jurisdiction of the judge of probate in the premises was at an end, and therefore the account, called the second account of Henry Tallman as administrator of Horatio Smith, was *coram non judice;* and the decree of the judge was therefore simply void — void for want of jurisdiction. *Boston* v. *Boylston,* 4 Mass. R. 318; *Nelson J.* v. *Jaques,* 1 Greenl. 139; 3 Metcalf, 109; 9 Mass. R. 337.

The first account is settled wrongfully; and we say that the settlement of a final account opens the other account for the correction of any errors, the whole accounts settled, in law, making one account. We are prepared to show gross error if not fraud in the first account. *Saxton* v. *Chamberlain,* 6 Pick. 422. In the present case the charge for commissions on disbursements opens prior accounts, and omissions or wrongful charges may be corrected. *Stetson* v. *Bass,* 9 Pick. 27; *Stearns* v. *Stearns,* 1 Pick. 157; *Baylies* v. *Davis, ib.* 206;

*Boynton* v. *Dyer*, 18 Pick. 1 ; *Davis* v. *Cowdin*, 20 Pick. 510 ; *Longley* v. *Hall*, 11 Pick. 120 ; *Smith* v. *Dutton*, 16 Maine R. 308.

It was also contended, that various items in the first as well as in the second account were improperly allowed by the judge of probate.

*Tallman, pro se,* contended that the appeal should be dismissed, for the reason that there was no appearance by or in behalf of the appellants before the probate court at the time of the settlement of this account. The statute says, any person "aggrieved," may appeal, but it is apprehended that after seasonable notice, in such case, if parties neglect to attend the Court, and suffer judgment against them by default, it is too late for them to say, they are aggrieved by the decree of the Court. They do in fact, so far as they are able, assent to the decree of the Court, and "*volenti non fit injuria.*" It seems against the policy of the law, for parties to neglect and refuse to attend to the settlement of their accounts in the probate court, and then afterwards appeal to the Supreme Judicial Court of Probate. It causes unnecessary delay, increased expense and useless trouble. Such a course is improper, and ought not to be sanctioned by this Court in practice.

There was no request or petition to the judge of probate to review the former accounts. This alone furnishes a sufficient answer to the claim to re-examine the first account. But an appeal from the decision of the judge of probate as to the settlement of one account, does not open it to any other account settled at a former and different time. The cases cited for the appellants, at the farthest, go merely to show, that manifest errors, such as errors in computation, or charging the same item twice, or crediting it when it should manifestly have been charged. But the propriety of the decision of the judge in allowing or disallowing a charge in a former account cannot be reviewed. He commented on the cases cited, and replied to the objections urged against the particular items in the accounts.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an appeal taken by the children and heirs at law of Horatio Smith, deceased, from a decree of the judge of probate for this county, allowing the second account of the respondent as administrator on their father's estate.

The respondent contends, that the appeal should not be sustained, because the appellants were not represented and did not make any objection to the allowance of his account before the court of probate, where it was settled after due notice had been given.

The statute, c. 105, § 25, provides, that "any person aggrieved by any order, sentence, decree or denial of a judge of probate may appeal therefrom" within a certain prescribed time. In the thirtieth section it is provided, "if any person aggrieved by any act of the judge of probate, shall from any accident, mistake, defect of notice or otherwise, without default on his part, have omitted to claim or to prosecute his appeal according to the foregoing provisions," he may apply to this Court and obtain leave to enter an appeal. There is no provision made by statute to enable this Court to allow a person aggrieved to enter an appeal, when he was prevented from appearing before the probate court by any mistake, accident, or defect of notice. If the construction of the statute now insisted upon were to be admitted, a person thus prevented from appearing before the probate court, might be without remedy.

By the twenty-ninth section it is provided, that any person beyond sea or out of the United States, having no sufficient attorney within the State, at the time of such proceeding, for which he might claim an appeal, shall have thirty days after his return or constitution of such attorney, to claim his appeal. This provision is not consistent with the proposed construction. There is nothing to restrict the operation of the twenty-fifth section to those only who have become parties to a controversy before the court of probate. The language used is essentially the same, which has for a long time regulated such appeals in the State of Massachusetts and in this State ; and

its construction has not been such as to prevent any person aggrieved from claiming an appeal, although he was not a party to the proceeding before the court of probate. *Boynton* v. *Dyer*, 18 Pick. 1.

The counsel for the appellants contend, that the judge of probate had ceased to have jurisdiction of the settlement of the accounts of the respondent, as administrator of that estate, before the decree was made. If this were so, there would seem to be little occasion for an appeal. It is alleged, that he had at that time no jurisdiction, because the administrator had before been cited to settle his accounts; that he had neglected to do so; that leave had been granted to the appellants to commence a suit upon his bond, and that such a suit has since been commenced. It appears, from a decree of the probate court, made on February 18, 1846, that the respondent had been cited to appear and settle his accounts, that he had neglected to do so; and that leave was then granted to commence a suit upon his bond.

On the twenty-third day of the same month the respondent appears to have presented his second and final account. Notice was ordered upon it, and it was acted upon and the decree allowing it was made on May 18, 1846. From that decree this appeal was claimed on the twenty-sixth day of the same month. The suit upon the bond was not commenced until the twenty-eighth day of the same month. When the account was presented, acted upon and allowed by the judge of probate, there was no suit pending upon the bond of the administrator. Although the judge of probate had granted leave to commence a suit, he could not know, that one would be commenced. The court of probate could only be deprived of its jurisdiction for the settlement of the estate by some process or course of proceeding, which would legally remove the settlement to another tribunal. When such a suit had been commenced on the bond as would require, if the plaintiff prevailed, that the estate and the accounts of the administrator should be settled in a manner different from that prescribed for the probate court, the power of that court to settle the accounts accord-

ing to its course of proceeding would be suspended, because it would be in conflict with the power and proceedings of a higher tribunal. There being no such suit or proceedings then pending, there was no legal objection to the exercise of jurisdiction by the judge of probate.

The ineffectual attempt made to commence a suit on May 5, 1846, cannot affect the rights of the parties ; and these remarks have been made as if no such writ had been sued out. It does not appear, that the suit, if it could have been sustained, was of such a character as to have deprived the probate court of its jurisdiction.

The appellants claim to have the first account of the administrator, rendered and settled in the year 1836, now re-examined and adjusted.

By the statute an appeal to this Court is to be made from some order, sentence, decree, or denial, and nothing can be presented in the appellate court by such appeal, which is not embraced in such order, sentence, decree or denial. That such was the intention of the legislature is apparent from the provisions contained in sections 32 and 33. By the former "all further proceedings, in pursuance of the order, sentence, decree or denial appealed from" are suspended until a decision has been made upon the appeal. The action of the judge of probate upon matters not embraced therein is not suspended. By the latter section this Court is authorized to reverse or affirm in whole or in part, the sentence or act appealed from, and to " pass such decree thereon, as the judge of probate ought to have passed." To insist that this Court by virtue of an appeal is to act upon matters not embraced in the act or decree of the probate court appealed from, is to claim for it an original and not an appellate jurisdiction to that extent.

The decree appealed from in this case embraced only the settlement and allowance of the second account. There is in that account no reference to any item contained in the first account. The only reference made to it is made by the administrator, by charging himself with the balance against him stated in the first account settled May 16, 1836. The mere credit of

that balance did not present the items of that first account before the judge of probate, to be acted upon by him in the settlement of the second account.

The administrator might have been required by the judge of probate on the settlement of the second account, to charge himself with any proper items not contained in the first account; and he might have been called upon to correct any errors found in the first account. But no such requirements appear to have been made. No such items were therefore embraced in the decree, from which this appeal was made; and no such items can be presented in this Court on the appeal.

The items objected to in the second account may or may not be justly allowed. This may depend upon proof not now before this Court. The appeal is sustained, and any proof respecting the items objected to in the second account, may be made before an auditor or before the Court at some convenient season.